**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Teresa Martinez MARTINEZ, Defendant–Appellant.**

No. 12–10487.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2013.*

Filed Aug. 1, 2013.

Elana Landau, Esquire, USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Carolyn M. Wiggin, Assistant Federal Public Defender, FPDCA—Federal Public Defender's Office (Sacramento), Sacramento, CA, for Defendant–Appellant.

Before: ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Teresa Martinez Martinez appeals from the district court's judgment and challenges the 264–month sentence imposed following her jury-trial conviction for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846; and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Martinez Martinez contends that her sentence is substantively unreasonable. She argues that the court should have varied downward from the Guidelines on policy grounds, and that its failure to do so resulted in a sentence that was greater than necessary. The record reflects that Martinez Martinez's sentence, five years below the advisory Guidelines range is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. See Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Moreover, the court varied downward based on Martinez Martinez's mitigating factors, but was not obligated to vary on policy grounds where it did not express any policy disagreement with the Guidelines or their treatment of Martinez Martinez. See United States v. Henderson, 649 F.3d 955, 964 (9th Cir.2011).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.